UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY ROZELLE, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:12-CV-450 NAB |
| | ) | |
| ST. LOUIS COUNTY RETIREMENT PROGRAM, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion for Leave to File a Third Amended Complaint and Defendant St. Louis County Government's Motion to Dismiss Case and Motion to Strike Plaintiff's Third Amended Complaint.

**I.     Procedural Background**

Plaintiff filed this action alleging that Defendants St. Louis County Government Retirement Program, St. Louis County Government, and St. Louis County Police Department violated his constitutional rights under the First, Fifth, and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. § 1983 and Section 504 of the Rehabilitation Act of 1973.[1] Prior to Defendants filing an Answer, Plaintiff filed a First Amended Complaint. Next, Plaintiff filed a Motion to Dismiss Defendants St. Louis County Government Retirement Program and St. Louis County Police Department. The Court granted Plaintiff's motion. Then, Plaintiff sought and obtained leave to file a Second Amended Complaint. Defendant St. Louis County Government filed a Motion to Strike Plaintiff's Second Amended Complaint and a Motion to Dismiss the Case as time

---

[1] Plaintiff did not cite to Section 1983, but Plaintiff's allegations of constitutional violations by a state actor would arise under Section 1983.

barred. Plaintiff responded to Defendant's Motion to Dismiss. Plaintiff then purported to file a Third Amended Complaint, which the Court construed as a Motion for Leave to file a Third Amended Complaint. Defendant St. Louis County Government then filed a Motion to Strike Plaintiff's Third Amended Complaint.

Plaintiff's First Amended Complaint and Second Amended Complaint appear to be intended as supplements to Plaintiff's Original Complaint. As such, the Court will treat the original Complaint [Doc. 1], First Amended Complaint [Doc 3], and Second Amended Complaint [Doc. 4] as one document for purposes of this Order. The Court will refer to the combined documents as Plaintiff's Complaint.

## II. Legal Standard

"To survive a motion to dismiss, a complaint must plead enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) *(citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference the defendant is liable for the misconduct alleged." *Id.* "Where there are well pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Iqbal*, at 679.

A defendant must plead and prove that a complaint is barred by the statute of limitations, which is an affirmative defense. *Jessie v. Potter*, 516 F.3d 709, 713 (8th Cir. 2008). Because an affirmative defense does not render a complaint defective, a court may only dismiss a claim under Rule 12(b)(6) as barred by the statute of limitations if the complaint itself establishes that the claim is time barred. *Illig v. Union Elec. Co.*, 652 F.3d 971, 976 (8th Cir. 2011).

### III.     Discussion

A.     **Motion to Dismiss Second Amended Complaint**

   1.     **Factual Summary**

For the purposes of ruling on the Motion to Dismiss, the Court presumes that the following allegations in Plaintiff's Complaint [Doc. 1] are true and construes them in Plaintiff's favor.[2] Plaintiff served as a St. Louis County police officer from February 11, 1979 until his voluntary resignation effective February 3, 1986. Compl. ¶¶ 5, 24. During his tenure as a St. Louis County police officer, Plaintiff worked undercover with the Federal Bureau of Investigation ("FBI") between 1984 and 1985. Compl. ¶¶ 11-23. After his resignation in 1986, Plaintiff sought reinstatement to the police department in June 1988. Compl. ¶¶ 25-26. On September 19, 1988, Plaintiff penned a letter to the Superintendent of Police, that threatened to contact the press and protest Plaintiff's "unfair treatment" by the police department and "his belief that he sustained an on duty injury or disability." Compl. ¶ 32. The police department notified Plaintiff by letter, dated September 20, 1988, that his request for reinstatement was denied. Compl. ¶ 29; Ex. 1, p.30.

In 2011, Plaintiff applied for retirement benefits from St. Louis County. In a letter dated November 4, 2011, St. Louis County informed Plaintiff that he was ineligible for retirement benefits because at the time of his employment, employees became vested in the retirement plan after ten years of service. Compl. ¶ 34; Ex.1, p. 68. Plaintiff was employed by the St. Louis County Police Department for only seven years and one month. Ex.1, p. 68. Plaintiff then sent a letter to the Plan

---

[2]Plaintiff attached 72 pages of documents to his original Complaint. The attachment is considered to be part of the Complaint. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes); *Emergency Med. Servs. Inc. v. St. Paul Mercury Ins. Co.*, 495 F.3d 999, 1006 n. 4 (8th Cir. 2007) (any exhibits filed along with the complaint considered to be a part of the complaint).

Administrator requesting that the St. Louis County Retirement Board "investigate and evaluate the extenuating circumstances that caused [him] not to accumulate the necessary time-in-service." Ex. 1, p. 70. Plaintiff requested and received a hearing regarding his application for benefits on March 5, 2012. Ex. 1, p. 72.

### 2. Tolling the Statute of Limitations

Section 1983 does not have its own statute of limitations, however, "the Supreme Court has held that § 1983 claims accruing within a particular state should be governed by that state's statute of limitations governing personal injury claims." *Walker v. Barrett*, 650 F.3d 1198, 1205 (8th Cir. 2011) (*citing Wilson v. Garcia*, 471 U.S. 261, 268-270 (1985) (superceded by statute on other grounds)). The Eighth Circuit has held that actions pursuant to Section 504 of the Rehabilitation Act are also subject to the state's statute of limitations regarding personal injury claims. *Ballard v. Rubin*, 284 F.3d 957, 963 (8th Cir. 2002). Missouri law specifies a five year statute of limitations for personal injury actions. Mo. Rev. Stat. § 516.120. Missouri's tolling statute also applies to Plaintiff's claims. *Chandler v. Presiding Judge Callaway County*, 838 F.3d 977, 979 (8th Cir. 1988).

Defendant asserts that Plaintiff's Second Amended Complaint is time barred, because Plaintiff seeks relief regarding actions that occurred in the 1980's and the statute of limitations on Plaintiff's claims is five years.

Plaintiff admits that Defendant's denial of his reinstatement to the police department in 1988 is the catalyst for the denial of retirement benefits in 2011. Nevertheless, Plaintiff requests that the Court apply equitable tolling to his Complaint. Plaintiff states that the statute of limitations should be tolled for the following reasons: (1) Defendant failed to provide Plaintiff notice of right to appeal his reinstatement with the Police Department; (2) Defendant had a custom or practice of failing to provide adequate training for undercover personnel, (3) Defendant had a custom of failing to provide

4

fit-for duty psychological testing before, during and/or subsequent to undercover assignment duties, and (4) Defendant has a custom of failing to implement guidelines to prevent and/or protect the public and officer engaged in undercover duty.  Plaintiff also alleges that he should receive equitable tolling because he first discovered his constitutional rights were violated when his request for retirement benefits was denied in 2011.  Finally, Plaintiff asserts that he should receive equitable tolling because of post-traumatic stress disorder.

      Missouri's tolling statute, Mo. Rev. Stat. § 516.100 provides as follows:

> Civil actions, other than those for the recovery of real property, can only be commenced within the period prescribed in the following sections, after the causes of action shall have accrued; provided, that for the purposes of sections 516.100 to 516.370, the cause of action shall not be deemed to accrue when the wrong is done or the technical breach of contract or duty occurs, but when the damage resulting therefrom is sustained and is capable of ascertainment, and if more than one item of damage, then the last item, so that all resulting damage may be recovered, and full and complete relief obtained.

"This statute of limitations begins to run when a plaintiff's right to sue arises or when a plaintiff could first successfully maintain his cause of action.  The capable of ascertainment test is an objective one."  *McClain ex. rel Rutledge v. Carpio*, 338 S.W.3d 361, 373 (Mo. Ct. App. 2011).  "Damage is capable of ascertainment when a reasonable person would have been put on notice that an injury and substantial damages may have occurred and would have undertaken to ascertain the extent of the damages."  *Id.*  "In other words, the statute of limitations begins to run when the evidence was such to place a reasonably prudent person on notice of a potentially actionable injury."  *Id.*

      Based on the factual allegations of Plaintiff's Complaint, the Court finds that Plaintiff's complaint is not subject to equitable tolling.  First, Plaintiff's claim that he was unaware his rights were violated by the failure to reinstate him until 2011 is contradicted by the contents of Plaintiff's Complaint.  The Complaint states that to "ensure the Department evaluated his previous undercover

5

duties and exposure to critical incidents of stress and/or trauma," he proactively contacted the police department Superintendent regarding his reinstatement application via a forty-nine page letter dated September 19, 1988 . Compl. ¶¶ 27-28. In the September 19th letter, Plaintiff threatened to take several actions against the police department for "unfair treatment" and "on duty injury or disability." Compl. ¶ 32. Plaintiff also states in his Complaint that in his September 19, 1988 letter to the police department, he "petitioned the government for a redress of his grievances," "expressed his complaint(s)," and "sought the assistance of the government for a fair and comprehensive evaluation of all the facts and circumstances surrounding his reinstatement." Compl. ¶ 32. Plaintiff's actions, as alleged in his Complaint, do not demonstrate the actions of someone unaware of his rights. To the contrary, Plaintiff's actions show that he was actively advocating on his own behalf throughout the reinstatement application process.

Second, Plaintiff's Complaint on its face acknowledges that Plaintiff suffered from stress and depression caused by his undercover activities in 1984-1985. Compl. ¶ 26. Prior to his reinstatement application in 1988, Plaintiff received counseling for the stress and depression. Compl. ¶ 26. Plaintiff submitted the information regarding the stress, depression, and counseling in his reinstatement application and during his Oral Board interview for reinstatement. Compl. ¶ 26; Ex. 1, p. 25, 27. Again, Plaintiff cannot state that he was unaware of any injury if he acknowledged the injuries of stress and depression to the Defendant in 1988.

Plaintiff next asserts that the handling of his reinstatement proceedings "initially caused an immediate partial damage or wrong" by not being re-hired, but that the supplemental and the last item of damage was not complete until November 24, 2011 when his retirement benefits application was denied. "Damage is sustained and capable of ascertainment . . . even if the extent of the damage remains unknown." *Day v. DeVries and Associates, P.C.*, 98 S.W.3d 92, 96 (Mo. Ct. App. 2003). "The extent of potential damages need not even be knowable. All that is required for accrual is that

6

some damage be sustained and capable of ascertainment. That additional damage may yet occur does not matter." *DeVries*, 98 S.W.3d at 96 (internal citations omitted). "In many actions the extent of the damage may be dependent on uncertain future events . . . .Such uncertainties have never been held to preclude the filing of suit and have not the delayed the accrual of plaintiff's claim for purposes of the statute." *Id.* (*citing Jordan v. Willens*, 937 S.W.2d 291, 294 (Mo. Ct. App. 1996)). Plaintiff's Complaint on its face details actions taken by Plaintiff in support of his application including threats to take subsequent action against the police department if Plaintiff was not satisfied with the results of the reinstatement process. Plaintiff knew he had potentially sustained some damages when he needed counseling for his depression and again when his reinstatement application was denied. It is clear from the Complaint's factual allegations, that in 1988, Plaintiff believed that he had suffered damages, including depression and failure to be re-hired, at the hands of the St. Louis County police department. Accordingly, because Plaintiff was aware of the alleged damages, his claims are not subject to equitable tolling.

Plaintiff also alleges that his complaint should be tolled, because he suffers from post traumatic stress disorder ("PTSD"). Equitable tolling is available where a party is mentally incapacitated. Mo. Rev. Stat. § 516.170. "Mentally incapacitated means that the person was deprived of his reasonable faculties or that he was incapable of understanding or acting with discretion in the ordinary affairs of life." *Jessie*, 516 F.3d at 715 (*citing Kellog v. Kellog*, 989 S.W.2d 681, 685 (Mo. Ct. App. 1999)). "To warrant tolling under Missouri law, the plaintiff must show that the disability in fact prevented him from bringing suit." *Jessie*, at 715. [A] plaintiff seeking tolling on the ground of mental incapacity must come forward with evidence that a mental condition prevented him from understanding and managing his affairs generally and from complying with the deadline he seeks to toll." *Id.* In this case, Plaintiff has not submitted any evidence that would support the tolling of the statute of limitations based on mental incapacity. Plaintiff's actions

7

as alleged in his Complaint support the conclusion that Plaintiff was more than capable of understanding and managing his affairs, including seeking relief for the damages he alleges were caused by Defendant. Accordingly, Defendant's Motion to Dismiss Plaintiff's Complaint as being time barred will be granted.

**B.      Motion for Leave to file Third Amended Complaint**

Plaintiff attempted to file a Third Amended Complaint, but leave was required to do so. *See* Fed. R. Civ. P. 15(a)(2) (second and subsequent amendment of pleadings only with the opposing party's consent or leave of court). The Court construed Plaintiff's Third Amended Complaint as a Motion for Leave to file a Third Amended Complaint. Defendant filed a Motion to Strike Plaintiff's Third Amended Complaint. "The Court should freely give leave when justice so requires." *Id.* "[D]enial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." *U.S. ex rel. Joshi v. St. Luke's Hospital, Inc.*, 441 F.3d 552, 557 (8th Cir. 2006).

Plaintiff's amendment seeks to reinstate previously dismissed party St. Louis County Retirement Program. Plaintiff states that he is seeking to add the Retirement Program "because this Defendant probably has never been sued in Federal Court in the past and there probably is not any federal case law that has determined it is a non-suable entity." Pl.'s Third Am. Compl., p. 1. Based on the foregoing, the Court finds that allowing the Plaintiff to reinstate St. Louis County Retirement Program as a defendant would be futile. Plaintiff's reasoning that he would like to add the Retirement Program because it has never been sued and can be sued is not a valid reason for allowing Plaintiff to add it as a party to this action. Further, Plaintiff's amendment would not cure the deficiencies of the Complaint, primarily the fact that it is time barred. Therefore, the Court will deny Plaintiff's Motion for Leave to file a Third Amended Complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss is **GRANTED**. [Doc. 12]

**IT IS FURTHER ORDERED** that this action is **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to file a Third Amended Complaint is **DENIED**.  [Doc. 24].

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike Plaintiff's Amended Complaint and Motion to Strike Plaintiff's Third Amended Complaint is **DENIED as moot**. [Docs. 11, 26].

 Dated this 31st day of July, 2012.

       /s/ Nannette A. Baker
       NANNETTE A. BAKER
       UNITED STATES MAGISTRATE JUDGE